**STATE OF WEST VIRGINIA**

*In re* **B.R. and C.W.**

**FILED**

**October 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**No. 18-0292** (Barbour County 16-JA-45 and 46)

**MEMORANDUM DECISION**

Petitioner Mother B.H., by counsel Gregory Michael, appeals the Circuit Court of Barbour County's March 8, 2018, order placing legal custody of B.R. and C.W. with their respective fathers and granting her supervised visitation.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Mary S. Nelson, filed a response on behalf of the children also in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in limiting the scope of her improvement period, effectively "prejudging her ability to address her admitted issues."

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2016, the DHHR filed a child abuse and neglect petition against petitioner and her boyfriend. Specifically, the DHHR alleged that petitioner abused drugs and, in April of 2016, attempted suicide by ingesting fifty-six aspirin while under the influence of marijuana, amphetamine, and methamphetamine. Petitioner left the hospital and refused mental health treatment against medical advice. She admitted that the children were present at the home when she attempted suicide and further admitted that she had attempted suicide before and had a long history of anxiety and depression. Other allegations included petitioner pleading guilty to failure to cause B.R. to attend school and filing a domestic violence protective order ("DVPO") against her boyfriend in May of 2016. In July of 2016, petitioner was arrested and charged with aggravated driving under the influence ("DUI") for an incident wherein she crashed her car into a motorcycle. Petitioner later admitted that she crashed her car after engaging in a fight with her

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

boyfriend, in violation of the DVPO. In sum, the DHHR alleged that petitioner's drug addiction, criminal history, and failure to send B.R. to school made her unable to properly care for the children and resulted in "emotional and neglectful" harm to the children.

The circuit court held an adjudicatory hearing in October of 2016, wherein petitioner stipulated to the allegations contained in the petition. The circuit court accepted petitioner's stipulation and expressed concern over petitioner's willful violation of court orders and multiple suicide attempts, her most recent attempt occurring in September of 2016. As such, the circuit court concluded that it could "not see granting an improvement period for any purpose other than determining [whether petitioner] can continue to have contact and maintain a relationship with [her] children." The circuit court further noted that the purpose of an improvement period would be to determine whether such contact should be supervised or unsupervised, were it granted. Taking this matter under advisement, the circuit court scheduled a review hearing and eventually granted petitioner an improvement period.

In January of 2018, the circuit court held a final dispositional hearing wherein petitioner's parental rights were not terminated. Rather, the circuit court placed legal custody of the children with their respective non-abusing fathers and granted petitioner supervised visitation, a detailed schedule of which was included in the dispositional order.[2] It is from the March 8, 2018, dispositional order that petitioner appeals.[3]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[2]Rule 6 of the Rules of Procedure for Child Abuse and Neglect Proceedings sets forth, in part, that "[t]he court retains exclusive jurisdiction over placement of the child while the case is pending, as well as over any subsequent requests for modification, including, but not limited to, changes in permanent placement or visitation[.]"

[3]The respective non-abusing fathers of B.R. and C.W. were given legal custody of the children and the permanency plan for the children is to remain in the care of their respective fathers.

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in limiting the purpose of her improvement period to determining what, if any, contact with the children she would be granted. According to petitioner, limiting the purpose of her improvement period "prejudged" her ability to complete the terms and conditions of the same and failed to consider the sequence of dispositions contemplated by West Virginia Code § 49-4-604. Specifically, petitioner avers that disposition pursuant to West Virginia Code § 49-4-604(b)(4)[4] was "quite reasonable" in light of her progress throughout her improvement period. We find petitioner's argument to be without merit.

To begin, we note that petitioner's argument that the circuit court did not consider the dispositions in the sequence set forth in West Virginia Code § 49-4-604 to be meritless. The record is clear that petitioner's parental rights remain intact and she enjoys supervised visitation with the children. As such, the circuit court did not employ the most restrictive disposition, termination of parental rights. Moreover, we note that petitioner's requested relief on appeal is what she was granted by the circuit court. Petitioner states that disposition pursuant to West Virginia Code § 49-4-604(b)(4) was reasonable in light of her progress. West Virginia Code § 49-4-604(b)(4) sets forth that the circuit court may "[o]rder terms of supervision calculated to assist the child and any abusing parent or battered parent or parents or custodian which prescribe the manner of supervision and care of the child and which are within the ability of any parent or parents or custodian to perform[.]" Here, petitioner was granted supervised visitation with the children, which is the relief contemplated by this statute. Accordingly, we find that petitioner is entitled to no relief.

To the extent that petitioner argues the circuit court erred in limiting the scope of her improvement period such that she was "prejudged" as to her ability to complete the accompanying terms and conditions, we find no error. The conditions of abuse and neglect in this case ultimately surrounded petitioner's inability to properly supervise the children. The record demonstrates that petitioner failed to send her children to school and attempted suicide while the children were in her care. The circuit court expressed concern as to whether petitioner could properly supervise or care for the children and, as such, granted her services designed to specifically target this condition of abuse and neglect, including inpatient drug treatment, anger management classes, parenting classes, and visitation. Despite having ample time to participate in services and correct the conditions of abuse, the record establishes that petitioner failed to do so. Petitioner took the children to an unauthorized home during her visitation despite knowing "that there had been previous inappropriate conduct in the home." Further, petitioner represented to the respective non-abusing fathers that she had been approved to have visitation with the children on Thanksgiving, and was provided access to the children based upon her representation; however, it was later discovered that petitioner had not been approved for

---

[4]West Virginia Code § 49-4-604(b)(4) provides that circuit courts may "[o]rder terms of supervision calculated to assist the child and any abusing parent or battered parent or parents or custodian which prescribe the manner of supervision and care of the child and which are within the ability of any parent or parents or custodian to perform[.]"

3

supervised visitation that day. Moreover, C.W. reported that during her most recent visitation with petitioner in January of 2018, petitioner had been smoking a substance out of a purple vase. Contrary to petitioner's argument that the scope of her improvement period was limited, the record demonstrates that the services were specifically tailored to address petitioner's foremost abusive behavior, her failure to properly supervise the children in her care. However, she clearly failed to correct her behavior and further fails to demonstrate how other services would have aided her in successfully addressing this issue. Accordingly, we find that petitioner is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 8, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: October 12, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II, suspended and therefore not participating